IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

**BRENDA L. TURBYVILLE, as Widow
and Administratrix of the
ESTATE OF GERALD D. TURBYVILLE,**

    **Plaintiff,**

v.                                                **CIVIL ACTION NO.:**
                                                  **Judge:**

**NYRSTAR TENNESSEE MINES, STRAWBERRY
PLAINS, LLC, a Delaware LLC,**

    **Defendant.**

## COMPLAINT

For her Complaint against the defendant, the plaintiff alleges the following:

### PARTIES

1. The plaintiff, Brenda L. Turbyville, is a citizen and resident of Jefferson City, Tennessee, and is the widow of plaintiff's decedent Gerald D. Turbyville. The plaintiff, Brenda L. Turbyville, was appointed the Administratrix of the Estate of Gerald D. Turbyville by the Clerk of Jefferson County, Tennessee on September 28, 2021.

2. The decedent Gerald Turbyville was a resident and citizen of Jefferson City, Tennessee, and at all times relevant, was employed by defendant, Nyrstar Tennessee Mines, Strawberry Plains, LLC, at the Immel Mine located in Mascot, Knox County, Tennessee.

3. Defendant Nyrstar Tennessee Mines, Strawberry Plains, LLC ("Nyrstar") is a Delaware limited liability company with its principal office in Strawberry Plains, Tennessee. Defendant Nyrstar is primarily engaged in the mining business, including the operation of the Immel underground zinc mine, operating under MSHA ID No. 40-00170. As such, defendant Nyrstar is, and at all times relevant herein was, regulated by the United States Department of Labor

1

Mine Safety and Health Administration ("MSHA") and was responsible for compliance with all applicable MSHA and WVOMHST rules and regulations, as well as commonly accepted and well known safe mining practices used in the mining industry, in the operation of its Immel Mine.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1332 in that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Venue is proper before this Court since the subject incident resulting in the death of plaintiff's decedent, Gerald Turbyville, and damages occurred within the Eastern District of Tennessee in or near Mascot, Knox County, Tennessee.

## FACTS

5. At all times relevant, plaintiff's decedent, Gerald Turbyville, was employed by defendant Nyrstar as a scaler operator on a utility crew. Mr. Turbyville worked at Nyrstar's Immel Mine, which is located in Knox County, Tennessee.

6. The Immel underground mine extracts lead-zinc ore by blasting. Front-end loaders load the material into haul trucks, which transport the ore to a hopper. The ore is fed down the hopper into a chute. Locomotives move the train cars under the chute where ore is loaded and transported to the underground dump. From the underground dump, the ore is loaded into a skip hoist that then transports the ore to the surface.

7. Mr. Turbyville worked on the day shift and his immediate supervisor on July 13, 2021, was Michael "Bull" Griffin. Terry Pratt was the crew foreman. Members of upper mine management at defendant's Immel Mine on July 13, 2021, included J.D. Dalton, mine foreman, Justin Griffin, mine superintendent, and Adam Denton, mine manager.

8. On July 13, 2021, Gerald Turbyville was assigned to work in an old area of the mine referred to as 17-W-3. Mine management was aware, on and prior to July 13, 2021, that the geological conditions in this area of the mine made working in this area dangerous, unsafe, and deadly. Rock would fall out from the ribs and roof (back) regularly in this area. The ground was very brittle and soft in this area; contained several rock layers; and the area was very rich with ore. These conditions combined to make it unsafe to mine and be in this area of the mine. Roof and rib failures occurred regularly, as the roof and ribs were not adequately supported or otherwise controlled in violation of federal mine safety laws.

9. On July 13, 2021, Mr. Turbyville was assigned to perform scaling operations in this unsafe area of the mine from the basket of a Terex 125 personnel lift 50 plus feet high. Mr. Turbyville was working with co-workers, Rick Hensley, Kevin Norton and Matthew Shelley.

10. During the shift on July 13, 2021, and as expected, rock began to fall from the ribs and/or roof around Mr. Turbyville and the other crew members. Crew foreman Terry Pratt came to the area to check on the crew and instructed Mr. Turbyville and the other crew members to exit the area immediately because it was extremely dangerous, as someone was going to get seriously injured or killed by falling rock or debris. Foreman Pratt instructed the crew not to go back into this area; that it was unsafe.

11. After Mr. Turbyville and the other crew members exited the area per foreman Pratt's direction, a member or member(s) of upper mine management (Justin Griffin, J.D. Dalton, and/or Adam Denton), specifically, deliberately, and intentionally instructed and directed the crew, including Mr. Turbyville, to return and continue working in this same area, despite knowing that it was imminently dangerous and deadly due to falling rock and debris.

3

Case 3:22-cv-00234-CEA-DCP   Document 1   Filed 07/11/22   Page 3 of 8   PageID #: 3

12. It is common knowledge in the mining industry that one of the leading causes of mining related fatalities and serious incidents is the result of a miner or miner(s) being struck by falling rock or debris from the rib and/or roof due to unsafe mining conditions. Furthermore, it is reasonable to draw the conclusion that when a member or member(s) of upper mine management send(s) and/or direct(s) employees to return to work in an area after another foreman has already determined that same area to be unsafe and is commonly known throughout the mine to be extremely dangerous and deadly due to employees being exposed to regular occurrences of falling rock and debris, that upper management actually intended to harm, injure and/or kill those specific employees, in this case, Mr. Turbyville and the other employees working with him on July 13, 2021.

13. After being intentionally directed to return to work in this unsafe area by defendant's upper mine management, Mr. Turbyville was performing scaling operations from an elevated position in the basket of the personnel lift when a large piece of rock fell from the rib and/or roof striking Mr. Turbyville in the head, neck and back resulting in fatal injuries. The falling rock also injured two (2) other employees on the crew.

14. Mr. Turbyville was pronounced dead on July 13, 2021 at approximately 2:33 p.m. as a result of traumatic blunt force injuries from the falling rock, which occurred in the course of his employment with defendant Nyrstar.

15. As a result of defendant Nyrstar's outrageous conduct, through the intentional acts of member(s) of upper mine management, in directing Mr. Turbyville and the other crew members to return to work in an area of the mine that had already been previously deemed unsafe and deadly due to falling rock, one can reasonably conclude that Nyrstar actually intended to injure or kill Mr. Turbyville and the other Nyrstar employees on his crew on July 13, 2021.

16. Following the incident, the United States Department of Labor, Mine Safety and Health Administration ("MSHA") performed a comprehensive investigation of this fatal incident. At the time of filing this Complaint, MSHA has not issued its findings and/or a Final Report related to its investigation.[1]

17. At the time of his death, Gerald Turbyville was a strong, able-bodied and gainfully employed man. He was an active and productive citizen who took great pride in his family and not only fully supported financially, but frequently aided, advised, and counseled with his wife, plaintiff Brenda Turbyville. By reason of the death of her husband, the plaintiff, Brenda Turbyville, has been deprived of his support, comfort, society, advice, daily acts of love and affection and services all of which were substantial and of great value.

18. Defendant is liable for the pecuniary, economic, and non-economic value of the life of Gerald Turbyville, and his last death expenses and all other damages recoverable under the laws of the State of Tennessee.

19. Plaintiff's damages include funeral and burial expenses, lost income, pre-death pain and suffering, mental anguish and emotional distress, loss of decedent's love and companionship, and other general and special damages in an amount to be determined by the jury at trial of this action.

## COUNT I
### INTENTIONAL TORT EXCEPTION TO WORKERS' COMPENSATION IMMUNITY
### DEFENDANT NYRSTAR

20. The plaintiff repeats and incorporates here by reference the allegations contained in paragraphs 1 through 19 of this Complaint as if set forth herein verbatim.

---

[1] Plaintiff reserves the right, pursuant to Rule 15 of the Federal Rules of Civil Procedure, to amend her Complaint one MSHA issues its findings and report and/or as discovery proceeds.

21. Tennessee law provides an exception to the workers' compensation exclusivity provision if the employee (or the personal representative of his/her estate) can show that the employer (in this case defendant Nyrstar) actually intended to injure the employee (Turbyville).

22. Defendant Nyrstar, through the specific and intentional actions of member(s) of upper mine management, intentionally disregarded and trumped the actions of a crew lead foreman, charged with a duty and responsibility to keep workers safe, and intentionally, knowingly, and deliberately directed and instructed Mr. Turbyville and the other crew members to return and continue working in a specific area of the mine that experiences regular occurrences of falling rock and debris and an area that the crew lead foreman, earlier in the shift on July 13, 2021, had already deemed extremely unsafe, dangerous and deadly and had instructed the miners, including Mr. Turbyville, to exit the area because they were being exposed to and struck by falling rock and debris. As a result of this intentional conduct, it is reasonable to conclude that defendant Nyrstar actually intended to harm, injure and/or kill Gerald Turbyville (and his co-workers and other Nyrstar employees on his crew) on July 13, 2021.

WHEREFORE, Plaintiff prays for Judgment under Count I of her Complaint against Defendant Nyrstar, for compensatory damages in such amounts as may be determined by the jury at trial, costs incurred, and for such further relief as the Court deems just and proper.

## COUNT II
## LOSS OF CONSORTIUM

23. The plaintiff repeats and incorporates here by reference, the allegations contained in paragraphs 1 through 22 of this Complaint as if set forth herein verbatim.

24. As a result of the carelessness, negligence and recklessness of the Defendants, plaintiff Brenda L. Turbyville has been deprived and will continue to be deprived of her husband's

society, companionship, support and services of her husband, aid, comfort and companionship, all to her great detriment and loss.

WHEREFORE, Plaintiff prays for Judgment under Count II of her Complaint against the Defendants, for compensatory damages in such amounts as may be determined by the jury at trial, costs incurred, and for such further relief as the Court deems just and proper.

## GENERAL PRAYER FOR RELIEF

WHEREFORE, the plaintiff demands judgment against the defendants in an amount to be determined by a jury in accordance with the laws of the State of Tennessee together with pre-judgment and post-judgment interest, costs, and attorney fees and for such further relief as this Court deems just and reasonable.

## DEMAND FOR TRIAL BY JURY

Plaintiff prays that the causes of action alleged herein be tried in this Court before a jury of their peers.

                                              **BRENDA L. TURBYVILLE, as Widow**
                                              **and Administratrix of the**
                                              **ESTATE OF GERALD D. TURBYVILLE,**

                                              By Counsel,

*/s/ Ronald J. Berke*
Ronald J. Berke (TNSB #1741)
Berke, Berke & Berke
420 Frazier Avenue
P.O. Box 4747
Chattanooga, TN 37405
Phone: (423) 266-5171
Fax: (423) 265-5307
ronnie@berkeattys.com

J. Ryan Stewart (WVSB #10796)
*To be admitted Pro Hac Vice*
BAILEY JAVINS & CARTER, LC
213 Hale St.
Charleston, WV 25301
Phone: 304-345-0346
Fax: 304-345-0375
rstewart@bjc4u.com
*Counsel for Plaintiff*